FLEMING *v.* HARRIS.

Opinion delivered March 8, 1920.

1. VENDOR AND PURCHASER—RESCISSION FOR FRAUD.—One who desires to rescind a contract for the purchase of land on the ground of fraud must act promptly after discovering the facts.

2. VENDOR AND PURCHASER—REASONABLE TIME TO RESCIND.—Where plaintiff took possession of a farm purchased by him and remained thereon from January to November, he could not thereafter rescind the contract upon the ground that the vendor falsely represented that a certain tract of timber land was part of the farm; for he could not speculate for a whole crop season upon whether or not his purchase might turn out well and then, when he believed that it did not, come into a court of equity and claim a rescission of the contract.

3.  VENDOR AND PURCHASER—MISREPRESENTATION—EVIDENCE.—In an
    action by the purchaser of a farm to rescind the contract of sale
    upon the ground that it was procured by false representations
    that a certain tract was a part of the farm, evidence *held* to
    show that the vendor's representations as to the boundary line
    were mere expressions of opinion and made without intent to de-
    ceive.

Appeal from Hot Spring Chancery Court; *J. P. Hen-derson,* Chancellor; reversed.

### STATEMENT OF FACTS.

The plaintiff, J. E. Harris, purchased a farm consisting of eighty acres of land from the defendant, W. A. Fleming, received a deed, and paid the whole amount of the purchase money. This suit is brought to rescind the contract of sale on the ground that it was procured by false representations.

The facts are that J. E. Harris, being about to purchase a farm from the defendant, W. A. Fleming, made an examination of the farm with Fleming and J. Q. Rogers, a real estate agent, who had the property for sale. The parties went over the land together and Harris was shown the improvements. There were houses and barns on the land of the value of $1,100. There were about thirty or more acres of land in cultivation. The price was $1,600. About one hundred yards from the northeast corner of the fence on the east boundary line of the land there is a crooked creek running in a southerly direction. There are about twenty acres of timber land between the east fence and the creek. It is the contention of the plaintiff that the defendant represented to him that his line ran near the creek and that the farm contained this twenty acres of timber land. The plaintiff is corroborated in his testimony by the testimony of his son. The plaintiff also states that this twenty acres was the most valuable part of the farm, but he does not state anything about the quantity or value of the timber situated on the twenty acres.

On the other hand, according to the testimony of the defendant he only pointed out in a general way the east-

ern boundary line of the tract and told the plaintiff that according to a survey he had had made, the line went beyond the fence. His testimony is corroborated by that of the surveyor who had made a survey of the land. At the suggestion of the chancellor, the parties had the line surveyed again, and it was ascertained by that survey that the twenty acres in question were not included within the limits of the eighty-acre tract described in the deed. There is no question but that the farm embraced eighty acres of land as described in the deed.

Other witnesses for the defendant testified that the twenty acres of land in question contained no valuable timber and was itself of but little value. They said that it was wet and boggy, and that very little of it could be cleared and cultivated. They said that the land on the west side of the farm was twice as valuable as the land in question.

The chancellor found the issues in favor of the plaintiff, and it was decreed that the contract of sale between the parties should be set aside and that the deed from Fleming to Harris should be canceled and set aside, and that a deed from Harris to Fleming to a tract of land which was a part of the consideration for the contract of sale should be canceled and the title to that land be again vested in Harris.

W. A. Fleming has appealed.

*D. D. Glover,* for appellant.

There were no false representations by Fleming or his agent, and no fraud was practiced on defendant to induce him to purchase the land. No case for rescission was made. 46 Ark. 354. The place is well worth the price paid for it, and under the evidence the cause should be reversed.

The findings of the chancellor are not against the preponderance of the evidence and should be sustained. No false representations were made. 71 Ark. 91; 112 *Id.* 502. Elliott on Contracts, § 2417 and note; 26 Ark. 34. Fraud avoids a contract *ab initio.* 22 Ark. 517; 30 *Id.*

374. The facts of this case bring it squarely within the rule of 11 Ark. 58; 47 *Id.* 148; 129 *Id.* 498. It was a fraud on Harris for Fleming to make the positive statement that the east line of the lands he was offering to sell Harris was near the creek, 100 yards or more east of the fence, when as a matter of fact the line was 33 links west of the fence. Fleming was not injured. The dispute here has been settled by three surveyors, and Fleming stated that he was satisfied, and the findings and decree should be affirmed.

HART, J. (after stating the facts). The decree was wrong for two reasons. In the first place, where a party desires to rescind his contract for the purchase of land on the ground of fraud, he must act promptly after discovering the facts. The plaintiff, Harris, received a deed from Fleming in the early part of January, 1918, and immediately moved on the farm. A part of the consideration for the purchase was a house and lot in Malvern, Arkansas, which Harris conveyed to Fleming. Fleming went into possession of the house and lot. Harris did not bring this suit until the 3d day of November, 1918. This, under the circumstances just recounted, was an unreasonable time. During all this time, Harris treated the land as his own and made no complaint to Fleming on the ground that there was a misrepresentation as to the twenty acres of timber land. Harris could not wait to experiment and see whether the transaction might not after all turn out well. Acquiescence, under the circumstances of this case, is fatal to his right of recovery, if any before subsisted. It was his duty to have moved in a reasonable time, and, not having done so, he could not speculate for a whole crop season upon whether or not his purchase might turn out well, and then, when he believed that it did not, come into a court of equity and claim a rescission of the contract. *Fitzhugh* v. *Davis, Admx.,* 46 Ark. 337.

In the next place, a careful consideration of the whole record leads us to the conclusion that Fleming did

not intend to deceive Harris as to the boundary line of the farm. It is true Harris testified that the principal inducement to buy the farm was the fact that he got the twenty acres of timber land in question, but he is contradicted in this respect by Fleming and by all the circumstances in the case. We think a preponderance of the evidence shows that he was buying the eighty-acre farm for $1,600. There were a house and barn on the premises in a good state of repair worth $1,100. According to Harris' testimony there were thirty acres of land in cultivation. According to the testimony of other witnesses there were nearly fifty acres in cultivation. Harris does not attempt to place any value on the timber. The testimony of the other witnesses is that the twenty acres were wet and boggy and that but little of the twenty acres was susceptible of cultivation. Hence it will be seen that the main object of Harris was to buy the eighty-acre farm. He got all the land which his deed called for, and we are of the opinion that under the circumstances the representations made by Fleming as to the boundary line were but a mere expression of an opinion by him as to where his boundary line extended and that they were not representations that the boundary line as a matter of fact did extend to the creek.

It follows that the decree will be reversed, and the cause remanded with directions to dismiss the complaint of the plaintiff for want of equity.