KATTER *v.* HARDIN.

Opinion delivered November 29, 1926. ·

1. EXCHANGE OF PROPERTY—DRUNKENNESS OF PLAINTIFF.—An improvident exchange of lands, made while one of the parties was in a drunken condition, is voidable at his instance where the other party knew of his condition at the time.

2. EXCHANGE OF PROPERTY—RESCISSION—LACHES.—Where plaintiff was on a drunken spree when he executed an exchange of his land for that of defendant, who knew his condition, delay of several months after plaintiff sobered up before suing to rescind the exchange was too late.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland*, Chancellor; reversed.

*Cravens & Cravens*, for appellant.

*John Brizzolara* and *Wm. A. Falconer*, for appellee.

SMITH, J. Prior to the 17th day of January, 1924, appellee owned two lots in the city of Fort Smith, and appellant owned a 326-acre farm in LeFlore County, Oklahoma, about four miles south of Fort Smith, and on that day and the following day they entered into contracts for the exchange of these properties, which contracts were consummated by the exchange of deeds dated January 26, 1924. There were incumbrances on both properties, and the contracts provided for the adjustment and assumption thereof. After the execution and delivery of these deeds, each party went into possession of the property conveyed him. Thereafter, on July 22, 1924, appellee brought this suit for the rescission of this sale and the cancellation of his deed to appellant.

This relief was asked upon the ground that, about the first of the year, appellee became intoxicated and remained in that condition until after the execution of the contracts and deed and did not terminate his spree until about the first of April. He alleged that, as a result of this spree, he became highly nervous and was mentally incapacitated to make either the contracts or the deeds, and he further alleged that he did not recover his equilibrium until the last of June, when he realized, for the first time, the utter improvidence of his trade. He

thereupon made an appointment with appellant to discuss the rescission of the contract, and, when appellant failed to keep this appointment, this suit was brought.

Appellant filed an answer, denying the allegations of the complaint, and alleged that, in any event, appellee, by his conduct subsequent to the execution of the deed, had ratified it.

By consent of both parties the cause was referred to a master to hear testimony and make a finding of fact on the issues involved, and the Honorable Daniel Hon, a former judge of the circuit court of the judicial district of which Sebastian County is a part, was appointed master.

A number of witnesses testified on behalf of both appellant and appellee, and the testimony is very conflicting as to the extent and duration of the spree upon which appellee entered. It was shown very clearly that, prior to this debauch, appellee had been a man of moral habits, of splendid ability, and attentive to his law practice, the profession in which he was engaged, but, about the first of the year, appellee became intoxicated on moonshine whiskey, and its effects were so demoralizing that appellee was unable to right himself and cease drinking until about the first of April, and, even though he ceased drinking and became sober about the first of April, he did not recover his mental faculties sufficiently to realize the imposition practiced upon him until in June of that year. On the part of appellant the testimony was to the effect that appellee was not intoxicated to an extent to render his deed void on that account.

The master, after hearing all the testimony, made a finding of fact fully sustaining appellant's contention, and filed a report embodying that finding. Exceptions thereto were filed by appellee, and, after a hearing before the chancellor, these exceptions were sustained, and a written opinion filed by the chancellor contained the finding that appellant had taken advantage of appellee's inebriated condition to impose an unconscionable

exchange of properties on him, and also found the fact to be that appellee did not ratify this exchange.

We do not review the testimony touching the extent and effect of appellee's spree, for the reason that, in the opinion of the majority, the testimony sustains the chancellor's finding.

In the case of *Cook* v. *Bagnell Timber Co.,* 78 Ark. 53, 94 S. W. 695, 8 Ann. Cas. 251, in the opinion on rehearing it was said: "One who deals with a sober man upon equal footing owes him only the duty not to mislead him to his prejudice by a material false representation concerning the subject-matter, or by a failure to disclose a material fact within his knowledge which the circumstances may make it his duty to disclose, whereas one who deals with a person whom he knows to be partially intoxicated owes him the duty not to take advantage of his condition by knowingly imposing a harsh contract upon him."

In the opinion of the majority the condition of appellee, and appellant's knowledge of that condition, was such that the contracts eventuating in the exchange of deeds were voidable at the election of appellee.

It is, however, the opinion of the majority that this election was not made in apt time. In the case of *Fleming* v. *Harris,* 142 Ark. 553, 219 S. W. 33, the plaintiff, Harris, asked rescission of a sale of land upon the ground that he was induced to purchase through false representations made to him. Plaintiff received his deed in the early part of January, 1918, and brought suit to rescind on the 3rd of November, 1918. The court below granted the relief prayed, and we reversed that decree upon the ground that plaintiff had delayed an unreasonable time before filing the suit. We there said that one who desires to rescind his contract on the ground of fraud must act promptly after discovering the facts; that such a person cannot wait to experiment and see whether the transaction might not, after all, turn out well; that such a person must move promptly in asking a rescission, and, in failing so to do, will be held to have acquiesced in per-

mitting a contract to stand which otherwise might have been avoided. In so declaring the law the court followed the previous holding in the case of *Fitzhugh* v. *Davis*, 46 Ark. 337.

We have said the testimony was sharply conflicting as to appellee's mental condition at the time of executing the contracts and deed sought to be canceled, but the majority uphold the chancellor's finding on this issue. It may also be said that the testimony is in sharp conflict as to the extent of the improvidence of the trade, but we are all of the opinion that the trade was highly improvident. However, we are all of the opinion that the law required appellee to move promptly in asking a rescission, and the difference of opinion among us is whether he did so act under the facts of the case.

The testimony shows that, pending the negotiations for the exchange, appellee visited the farm and inspected it, and caused an examination of the abstracts of title to be made by an attorney who was appellee's friend, and the title was approved subject to the incumbrances, which were to be adjusted pursuant to the contracts between the parties.

Appellee admits he became sober about the first of April, 1924, and that he thereafter returned to his former habit of sobriety and did not thereafter drink at all, but there is a conflict in the testimony as to when appellee became normal, and two witnesses expressed the opinion that appellee had not fully recovered at the time the depositions in the case were being taken.

The testimony shows that, a few weeks after appellee received his deed, he removed to the farm and made it his home, and began actively to make preparations to cultivate the land. About the 10th day of April one of the incumbrances on the land became due. This was about ten days after appellee admitted he had sobered up, and he arranged with a vice president of the First National Bank, which held the note evidencing this loan, for an

extension of from sixty to ninety days. Appellee stated at the time that he expected to pay this note, or a part of it, out of the proceeds of his potato crop. The bank official testified that, during these negotiations, appellee appeared to be both sober and normal. There were certain liens against the city property which appellee traded for the farm, and one was for material which had been used in the construction of a filling station on this city property. Appellee made application to the managing officer of the Deming Investment Company for a loan of $4,000 to take up the note held by the First National Bank and also to pay the past due indebtedness on the filling station. It was required by the investment company, before making this loan, that appellant release a second mortgage which he had taken on the farm, and, when appellant declined to do this, the loan was not made.

After taking possession of the farm, appellee procured the release to himself of a lease outstanding on a portion of the land, and began the cultivation of the land and made some substantial improvements on it, and built a barn. The incumbrances on the farm were so large that appellee was unable to finance the proposition and discharge certain liens on the city property, as he had contracted to do, but it is not contended that appellant made any misrepresentations concerning these incumbrances; indeed, it is not contended that he made any misrepresentations of any character. The contracts between the parties recited correctly the outstanding incumbrances against the respective properties.

The fraud found by the court below was that, while appellee was under the influence of liquor to such an extent that he was unable to protect himself in the trade, appellant imposed a harsh and improvident trade upon him. But, even so, it was his duty, after recovering his faculties, to ask, without unreasonable delay, that the contracts be rescinded, and, as we think this was not done, the decree of the court below canceling the deed

must be reversed, and it is so ordered, and the cause will be remanded with directions to enter a decree conforming to this opinion.

Mr. Justice Humphreys dissents on the question of ratification.