NEWSUM AUTO TIRE VULCANIZING COMPANY v. SHOEMAKER.

## Opinion delivered May 2, 1927.

1. RELEASE—FRAUDULENT REPRESENTATIONS.—In a suit by a creditor to set aside an instrument whereby the debtor was released from account and a mortgage was taken from a third party as security, evidence *held* to show that the release was obtained by fraudulent representations.

2. CONTRACTS—RESCISSION FOR FRAUD.—Contracts secured by false representations and fraud may be rescinded in equity.

3. CONTRACTS—RESCISSION—LACHES.—One who seeks to have a contract rescinded on ground of fraud must proceed with promptness to assert right, unnecessary delay being fatal, especially where the property involved has a speculative value or is likely to deteriorate greatly in value.

4. RELEASE—RESCISSION—DELAY IN ASKING RELIEF.—A creditor giving a release of indebtedness in return for chattel was not entitled to have the release canceled, though procured by false and fraudulent representations, where he acquiesced therein, knowing the circumstances, for a period of over two years, and instituted proceedings for cancellation only after litigation under the mortgage had failed to pay the indebtedness.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Rogers, Barber & Henry* and *J. A. Tellier,* for appellant.

*John W. Newman,* for appellee.

HART, C. J.   Appellant brought this suit in equity to set aside a release for $1,416.72 on the ground that it had been obtained by fraudulent representations, and judgment was asked for said sum, alleged to be the balance due for automobile supplies furnished by appellant to appellee, L. F. Shoemaker. The case is here on appeal from a decree of the chancery court dismissing the complaint for want of equity.

The record shows that L. F. Shoemaker owed appellant $1,416.72 for automobile supplies sold him between November 29, 1922, and March 30, 1923. On the 17th day of April, 1923, appellant signed an instrument releasing L. F. Shoemaker from the payment of said account and accepting in lieu thereof, as its debtor, the Yellow Bus

Interurban Company. On the same day the appellant took a mortgage on nine cars from said Yellow Bus Interurban Company, and the mortgage was duly acknowledged and filed for record.

According to the evidence for appellant, it was induced to sign the release to L. F. Shoemaker and to accept the mortgage on the automobiles from the Yellow Cab Company on the representations made by Shoemaker that said automobiles were free from all liens and incumbrances except for a small amount, which was stated. The automobiles had mortgages and other incumbrances on them to an amount in nearly half their full value, and the mortgage thus given turned out to be a worthless security.

Evidence was introduced by appellees tending to show that the release of L. F. Shoemaker and the substitution of the chattel mortgage as security for his indebtedness was not obtained by fraud. Without reviewing the testimony on this branch of the case, it may be said that we have read and considered the evidence carefully and are of the opinion that a preponderance of the evidence shows that the release of L. F. Shoemaker was secured by false and fraudulent representations made to appellant.

It is well settled in this State that a contract secured by misrepresentation and fraud may be rescinded in equity. *Cady* v. *Rainwater,* 129 Ark. 498, 196 S. W. 125, and cases cited.

It is equally well settled that, where a party desires to rescind upon the ground of fraud, he must, upon discovery of the fact, proceed with promptness to have the contract rescinded. If he be silent and said contract is still in force, he will be held to have waived the fraud and will be bound by the contract. He must not play fast and loose, and unnecessary delay is fatal to his right to rescind. This is especially true where the property involved has a speculative value or is likely to greatly deteriorate in value. *Fleming* v. *Harris,* 142 Ark. 533, 219 S. W. 33; *LaVasque* v. *Beeson,* 164 Ark. 95, 261 S. W. 49.

Tested by this rule we do not think that appellant is entitled to the relief asked. The release was signed on the 17th day of April, 1923, and the mortgage on the automobiles to secure the account was taken on the same day. In a month thereafter the company which gave the mortgage had become insolvent, and insolvency proceedings were instituted against it. In August, 1923, appellant filed an intervention in the insolvency proceedings, asserting its rights to the automobiles under the mortgage above referred to. It also brought a suit in the circuit court based on its rights under the mortgage, which was subsequently dismissed. The circumstances were such that the appellant was bound to know at that time that the release to Shoemaker had been secured by false representations. The present suit was not instituted until August 1, 1925. This was nearly two years after the fraud was discovered. Appellant waited until it found out that it could not recover anything under the mortgage. Appellant could not test out its right in the insolvency proceedings to make its debt out of the mortgaged property and, after it had lost out in that case, bring a suit to rescind the contract of release. Good faith and due diligence in the matter should have prompted appellant to act sooner. It could not wait to see whether or not the mortgage transaction might not turn out well after all. Acquiescence for a period of two years was a condonation of the fraud; and the chancery court was right in dismissing the complaint of the appellant for want of equity.

Therefore the decree will be affirmed.